IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JERRY L. RABER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-CV-04196-NKL |
| | ) | |
| CURRY ICE & COAL OF CARLINVILLE, | ) | |
| INC., JOHN Q. HERZOG, JR., TOMMY J. | ) | |
| LANE, and LIBERTY MUTUAL FIRE | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is a motion for summary judgment filed by Liberty Mutual Fire Insurance Co. ("Liberty") [Doc. # 57]. Plaintiff Jerry Raber claims that he is entitled to insurance benefits under a policy issued by Liberty. Liberty argues that Raber's claims are not covered under the terms of the policy. Raber responds, in the alternative, that there is not sufficient evidence before the Court to make this finding. For the reasons set forth below, Liberty's motion for summary judgment is GRANTED.

**I.      Uncontested Facts**

Liberty provided commercial auto insurance for a fleet of vehicles that belonged to Raber's employer, Auto Truck Transport Corp. Specifically, Liberty issued a policy of insurance ("the policy") to JHT Holdings, Inc., effective October 1, 2005 through October 1, 2006. Auto Truck Transport was a named insured under the policy.

1

Raber is seeking uninsured motorist coverage under his employer's policy for injuries he incurred while driving a 2006 Mack Granite tractor trailer on June 19, 2006. Raber claims that on that date Defendant Tommy Lane contacted his front bumper, forcing Raber to slow to avoid Lane. An unknown driver then allegedly cut in front of Raber and slowed rapidly, causing Raber to slam on his breaks. The unknown driver did not make contact with Raber's vehicle, but Raber's sudden deceleration caused Defendant John Herzog, who was driving behind Raber, to collide with Raber.

The truck Plaintiff was driving originated from Mack Trucks, Inc., and was eventually transferred to Western Colorado Truck Center. The truck had a vehicle identification number ("VIN") 1M2AL02C56M002892, and was traveling under Wisconsin license plate 8618X.

Raber seeks uninsured motorist coverage for the injuries Raber sustained due to the actions of the unidentified motorist.

## II. Discussion

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In considering a motion for summary judgment, the Court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable

2

inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir.1991) (citation omitted).

Liberty argues that the policy and the title history of the vehicle Raber was driving conclusively prove that Raber is not entitled to uninsured motorist benefits because Auto Truck Transport did not own the vehicle Raber was driving at the time of the accident. Raber challenges summary judgment by questioning the authenticity of the documents Liberty submitted.

### A. Evidentiary Disputes

Liberty attached to its motion a copy of the policy and documents received from the State of Colorado tracing title to the vehicle Raber was driving on the day of the accident. Raber objects to consideration of these documents because they were not properly authenticated. But Liberty contends that authentication is not required for documents submitted in support of summary judgment, as long as the proponent can show that the documents will be admissible at trial. In the alternative, Liberty contends that it authenticated these documents with affidavits attached to its reply brief.

A party can support a motion for summary judgment by citing materials in the record. Fed. R. Civ. P. 56(c)(1). Under Rule 56(c)(2), "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Where there is a dispute over the admissibility of cited materials, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Advisory Committee Notes to Fed. R. Civ. P. 56(c)(2).

3

In addition, some courts have found "that the 2010 amendments to Federal Rule of Civil Procedure 56 'eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated.'" *Akers v. Beal Bank*, 845 F. Supp. 2d 238, 243 (D.D.C. 2012) (quoting *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-CV-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011)). Under this interpretation of Rule 56, the controlling question is not whether Liberty has presently authenticated the documents, but whether Liberty can properly authenticate them at trial. *See Foreward*, 2011 WL 5169384, at *2. The Court notes, however, that at least one other district court in the Eighth Circuit expressly rejected this interpretation of the 2010 amendments. *See Franks v. Nebraska*, No. 4:10-CV-3145, 2012 WL 71707, at *1, n.1 (D. Neb. Jan. 10, 2012) (finding "that the amendments to Federal Rule of Civil Procedure 56 do not alter the requirement that, to be considered on summary judgment, a document must be authenticated").

The Court need not decide whether authentication is never or always required, because Liberty's submissions are both admissible as presented.

    **1.**    **Policy Terms**

Liberty has shown that the policy it cites is authentic and will be admissible at trial. An insurance policy is a contract, which "is a form of verbal act to which the law attaches duties and liabilities and therefore is not hearsay." *Mueller v. Abdnor*, 972 F.2d 931, 937 (8th Cir. 1992). The policy, once authenticated, is thus admissible to prove its terms. "To authenticate an exhibit, a party need only prove a rational basis for that party's claim that the document is what it is asserted to be, which may be done with

4

circumstantial evidence." *Kaplan v. Mayo Clinic*, 653 F.3d 720, 725-26 (8th Cir. 2011) (quotations omitted). It is undisputed that the policy in this case was issued to JHT Holdings, and had an effective date of October 1, 2005 to October 1, 2006. With its reply brief, Liberty submitted the affidavit of Rhonda Cooper, Senior Technical Claim Specialist for Liberty. Ms. Cooper avers that she is personally familiar with Liberty's account with JHT Holdings and that the policy attached to Liberty's motion is a true and accurate copy of the policy Liberty issued to JHT Holdings for the above dates. [Doc # 69-1 at 1]. Moreover, Raber does not argue or provide any evidence that might suggest that the policy submitted by Liberty is not authentic. Raber does not, for example, suggest that the attached documents are fabricated, altered, or in any other way not what Liberty claims that they are. On the record before the Court, then, there is no reason to doubt the authenticity or admissibility of the policy submitted by Liberty.

### 2. Ownership of the Vehicle

Liberty has also shown that the title records obtained from the State of Colorado are authentic and will be admissible at trial. To authenticate a public record, the proponent most proffer evidence that "a purported public record or statement is from the office where items of this kind are kept." Fed. R. Evid. 901(7). Liberty submitted the affidavit of Christopher Garcia, counsel for Liberty in this case. Mr. Garcia avers that, through his paralegal, he requested documents related to a 2006 Mack Granite vehicle with VIN 1M2AL02C56M002892[1] from the Colorado Department of Revenue,

---

[1] This is the VIN listed in the Missouri Uniform Accident Report and the documents Liberty attached to its motion. Liberty in its brief and Mr. Garcia in his affidavit refer to VIN

Department of Motor Vehicles, Title Section. [Doc. # 69-2 at 1]. Mr. Garcia further attests that the documents submitted with Liberty's motion to dismiss are scanned copies of the documents received from the Colorado Department of Revenue. [Doc. # 69-2 at 1]. These documents will be admissible at trial under Federal Rules of Evidence 803(15) ("Statements in Documents that Affect an Interest in Property") or 803(8) ("Public Records").

Raber argues that these documents are suspect because they are contradicted by the Missouri Uniform Accident Report ("the accident report"), which lists Auto Truck Transport as the owner of the vehicle. But the statement as to ownership contained in the Accident Report is inadmissible hearsay. When ruling on a summary judgment motion, the Court "must base its determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial." *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923-24 (8th Cir. 2004) (quotation omitted). A party "cannot rely on hearsay to avoid summary judgment." *Id.* at 923. The burden is therefore on Raber to show that this statement is admissible under a hearsay exception. *See* Advisory Committee Notes to Fed. R. Civ. P. 56(c)(2); *see also United States v. Shields*, 497 F.3d 789, 793 (8th Cir. 2007).

Raber offers no argument or evidence that might suggest this statement will be admissible at trial. A hearsay statement in a report is not admissible under 803(6) where

---

1 1N2AL02C56M002892. [Doc. # 58 at 4]; [Doc. # 69-2 at 1]. Raber admits that the VIN identified in Liberty's brief is the VIN of the truck Raber was driving on the day of the accident. [Doc. # 65]. As the VIN in the Accident Report matches the VIN in the other documents Liberty submitted, the VIN provided in Liberty's brief and Mr. Garcia's affidavit appears to be a typographical error.

6

the source of the information contained in the report is not identified, because, under such circumstances, it is not possible to "test its reliability or trustworthiness. *See Scheerer v. Hardee's Food Sys., Inc.*, 92 F.3d 702, 706 (8th Cir. 1996). The Rule 803(8) exception only applies if "neither the source of information nor other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B). In the present case, Raber provides no evidence regarding the source or reliability of the statement he cites. The accident report does not even indicate how the writer of the report got the information. Moreover, Liberty's evidence contradicts the statement in the report. Thus, Raber has not met his burden of proving that the statement in the report concerning ownership will be admissible at trial.

For the reasons set forth above, the documents submitted by Liberty are reliable and are admissible.

### B. Whether Raber is Insured Under the Policy

It is well established that "[t]he provisions of an insurance policy are read in the context of the policy as a whole. . . . The language in a policy is given its ordinary meaning unless another meaning is plainly intended." *Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. 1998) (en banc) (citation omitted).[2] The unambiguous language of an insurance policy "will be enforced as written absent a statute or public policy

---

[2] There is a dispute over the appropriate choice of law in this case. Raber urges the Court to apply Missouri law [Doc. # 75 at 1] and Liberty appears to ask the Court to apply Wisconsin law, *see* [Doc. # 58 at 10-12]. The Court need not reach this issue, however, because even finding all inferences in favor of Raber and applying Missouri law, summary judgment in favor of Liberty is still appropriate.

7

requiring coverage." *Rodgriguez v. General Accident Ins. Co. of America*, 808 S.W.2d 379, 382 (Mo. 1991) (en banc).

Liberty contends that, under the terms of the policy, Raber is not entitled to uninsured motorist coverage because the truck Raber was driving at the time of the accident was not owned by a named insured. In the policy at issue, Raber's employer, Auto Truck Transport, was listed as a named insured. [Doc. # 58-1 at 16]. Regarding uninsured motorist coverage, the policy contained separate uninsured motorist endorsements for different states. Nonetheless, each uninsured motorist endorsement contained the same or substantially the same definition of "An Insured."

> B. WHO IS AN INSURED
>   If the Named Insured is designated in the Declaration as:
>   . . .
>   2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
>      a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". . . .

*E.g.* Doc. # 58-1 at 43. In addition, the policy specified that only "Owned 'Autos'" had uninsured motorist coverage. *See* Doc. # 58-1 at 111, 182. Owned autos are defined, in relevant part, as "[o]nly those 'autos' you own . . . ." [Doc. # 58-1 at 183]. The plain reading of these provisions is that the policy only provided uninsured motorist coverage for vehicles owned by a named insured. Thus, Raber was only insured under the policy's uninsured motorist coverage if he was driving a vehicle owned by Auto Truck Transport. Raber does not suggest that these provisions ought to be read differently. Instead, he argues that there is a disputed issue of fact about who owned the truck at the time of the accident.

8

But no reasonable juror would believe that on the day of the accident the 2006 Mack Granite tractor trailer was owned by Auto Truck Transport.  According to the Certificate of Origin, title to the Mack Truck with the VIN of the truck Raber was driving was transferred to Western Colorado Truck Center on May 18, 2006.  [Doc. # 58-2 at 6].  The Certificate of Origin also certified that "this was the first transfer of such new vehicle in ordinary trade and commerce."  [Doc. # 58-2 at 6].  According to the title history, Western Colorado Truck Center subsequently sold the vehicle to the City of Montrose on December 5, 2006.  [Doc. # 58-2 at 8].  Title to the vehicle is presently and exclusively held by the City of Montrose.  [Doc. # 58-2 at 5].

Raber admits that the truck originated from Mack Trucks and was transferred to Western Colorado Truck Center, but cites the accident report as evidence that the truck was owned by Auto Truck Transport at the time of the accident.  As discussed above, however, Raber provides no evidence to support the reliability of that hearsay evidence.  Raber's theory is apparently that Western Colorado Truck Center, within one month after purchasing the vehicle from Mack Truck, sold the vehicle to Auto Truck Transport, repurchased it shortly thereafter, and then sold it again to the City of Montrose.

But Raber's inability to produce any reliable evidence regarding the ownership of the truck makes summary judgment appropriate.  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is no genuine issue as to any material fact where the non-moving party completely fails to offer "proof

9

concerning an essential element of the nonmoving party's case." *Id*. at 322-23. "Under Missouri law, the insured has the burden of proving coverage, . . . ." *Am. Family Mut. Ins. Co. v. Co Fat Le*, 439 F.3d 436, 439 (8th Cir. 2006); *see also M.A.B. v. Nicely*, 911 S.W.2d 313, 315 (Mo. Ct. App. 1995) ("[T]he party seeking to establish coverage under an insurance policy has the burden of proving that the claim is within the coverage afforded by the policy."). Raber asserts that ownership of the truck remains in dispute, but offers no admissible evidence to show that Auto Truck Transport owned the vehicle on the day of the accident.

In light of the evidence presented by Liberty and Raber's failure to proffer any evidence in support of his claim, there is no genuine dispute as to the ownership of the vehicle Raber was driving or the coverage provided under the policy. Liberty is entitled to judgment as a matter of law because Raber's employer was not the owner of the truck and, therefore, was not a named insured.

## III. Conclusion

For the foregoing reasons, Defendant Liberty Mutual Fire Insurance Co.'s motion for summary judgment [Doc. # 57] is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 18, 2012
Jefferson City, Missouri

10

Case 2:11-cv-04196-NKL   Document 78   Filed 09/19/12   Page 10 of 10